UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PETER BERNEGGER,
1806 Brynnwood Trace
New London, WI 54961

Case: 1:26-cv-00213
Assigned To : Chutkan, Tanya S.
Assign. Date : 1/23/2026
Description: Pro Se Gen. Civ. (F-DECK)

Civil Action No. _____

*Plaintiff,*

v.

FEDERAL ELECTION COMMISSION,
1050 First Street NE
Washington DC 20463
*Defendant.*

COMPLAINT FOR
DECLARATORY
AND INJUNCTIVE RELIEF
(52 U.S.C. § 30109(a)(8)(A))

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

PRELIMINARY STATEMENT

Plaintiff Peter Bernegger brings this action under the Federal Election Campaign Act ("FECA"), 52 U.S.C. § 30109(a)(8)(A), to challenge the Federal Election Commission's ("FEC" or "Commission") December 31, 2025 refusal to process and consider Plaintiff's sworn administrative complaint alleging systematic violations of federal campaign finance law by U.S. Senator Elissa Slotkin's authorized committees and her treasurer. The Commission's refusal to accept, docket, and act on the administrative complaint is an "order ... dismissing a complaint" and/or a "failure of the Commission to act" within the meaning of 52 U.S.C. § 30109(a)(8)(A), and it is contrary to law.

I.     NATURE OF THE ACTION

1. This is a citizen-suit action under 52 U.S.C. § 30109(a)(8)(A), which authorizes an aggrieved complainant to seek judicial review when the Commission dismisses a complaint filed under

**RECEIVED**

JAN 23 2026

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

1

52 U.S.C. § 30109(a)(1), or fails to act on such complaint during the 120-day period beginning on the date the complaint is filed.

2. Plaintiff seeks (a) a declaration that the Commission's refusal to process and act on Plaintiff's administrative complaint is "contrary to law" under 52 U.S.C. § 30109(a)(8)(C); and (b) an order directing the Commission to conform with such declaration within thirty (30) days by docketing, serving, and considering the administrative complaint as required by FECA and the Commission's regulations.

## II.  JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 52 U.S.C. § 30109(a)(8)(A), which vests exclusive jurisdiction over such actions in the United States District Court for the District of Columbia.

4. This Court also has jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 2201 (Declaratory Judgment Act).

5. Venue is proper and exclusive in this district pursuant to 52 U.S.C. § 30109(a)(8)(A).

## III.  PARTIES

6. Plaintiff Peter Bernegger is a citizen of the United States and a registered voter residing at 1806 Brynnwood Trace, New London, Wisconsin 54961. Plaintiff filed the underlying administrative complaint with the Commission and is an "aggrieved" party within the meaning of 52 U.S.C. § 30109(a)(8)(A).

7. Defendant Federal Election Commission is an independent agency of the United States government established by FECA, 52 U.S.C. § 30106. The Commission is responsible for

administering, interpreting, and civilly enforcing FECA. The Commission's principal office is located at 1050 First Street, NE, Washington, D.C. 20463.

IV.   STANDING

8. Plaintiff has standing to bring this action under 52 U.S.C. § 30109(a)(8)(A). A complainant before the Commission suffers a cognizable informational injury when the Commission unlawfully refuses to process and act on a complaint, because the complainant is deprived of information and enforcement decisions to which he is entitled under FECA. See FEC v. Akins, 524 U.S. 11, 21 (1998).

9. Plaintiff, as a citizen and voter, has a statutory right to have the Commission process and consider his administrative complaint in accordance with FECA. The Commission's refusal to do so deprives Plaintiff of his interest in ensuring compliance with federal election law and obtaining a determination on the merits of his complaint. See *Common Cause v. FEC, 842 F.2d 436, 449 (D.C. Cir. 1988)*.

V.   STATUTORY AND REGULATORY FRAMEWORK

10. Under 52 U.S.C. § 30109(a)(1), "[a]ny person who believes a violation of this Act … has occurred, may file a complaint with the Commission."

11. Upon receiving a properly filed complaint, the Commission must notify the respondent(s) and provide them an opportunity to respond. 52 U.S.C. § 30109(a)(1); 11 C.F.R. § 111.6.

12. The Commission must then determine, by an affirmative vote of four Commissioners, whether there is "reason to believe" that a violation has occurred. 52 U.S.C. § 30109(a)(2). If the Commission finds reason to believe, it conducts an investigation. If not, it dismisses the complaint. Id.

13. Section 30109(a)(8)(A) authorizes an aggrieved complainant to file a petition in this Court challenging "an order of the Commission dismissing" a complaint, or "a failure of the Commission to act" during the statutory period. 52 U.S.C. § 30109(a)(8)(A).

14. If the Court declares the Commission's dismissal or failure to act "contrary to law," the Court "may direct the Commission to conform" with such declaration within thirty (30) days. 52 U.S.C. § 30109(a)(8)(C).

15. The standard for determining whether Commission action is "contrary to law" is governed by D.C. Circuit precedent. See, e.g., CREW v. FEC, 993 F.3d 880, 885-86 (D.C. Cir. 2021).

VI.   FACTUAL BACKGROUND

A.   The Administrative Complaint

16. On December 19, 2025, Plaintiff filed a verified administrative complaint with the Commission pursuant to 52 U.S.C. § 30109(a)(1) and 11 C.F.R. § 111.4.

17. The administrative complaint alleged systematic violations of FECA by the following authorized committees and the treasurer responsible for their reports (collectively, the "Slotkin Committees"), including: (a) Elissa Slotkin for Michigan (FEC ID C00834218) and Treasurer Josie Olsen; (b) Slotkin Victory Fund (FEC ID C00834226) and Treasurer Josie Olsen; and (c) Elissa Slotkin for Congress (FEC ID C00650150) (terminated).

18. The administrative complaint alleged, among other violations, that the Slotkin Committees knowingly accepted contributions made in the name of another person (52 U.S.C. § 30122), filed false or inadequate reports (52 U.S.C. § 30104), and facilitated contribution-limit evasion (52 U.S.C. § 30116), supported by donor-transaction analyses derived from the committees' own filings and Commission bulk data.

19. The administrative complaint and its supporting materials include analyses of donor-transaction activity derived from the committees' own filings and Commission bulk data.

20. By way of example, Plaintiff's materials submitted with the administrative complaint allege that: (a) Elissa Slotkin for Michigan (FEC ID C00834218) accepted 96,156 suspect transactions totaling $9,700,174.23 from 11,736 identified suspect donors spanning October 25, 2022 through March 31, 2025; (b) Elissa Slotkin for Congress (FEC ID C00650150) received 25,149 suspect transactions totaling $5,275,569.68 from 2,734 identified suspect donors spanning May 4, 2017 through November 21, 2023; and (c) Slotkin Victory Fund (FEC ID C00834226) received 491 suspect transactions totaling $1,150,604.00 from 334 identified suspect donors in the 2023-2024 cycle.

21. The administrative complaint further alleges that, across all three committees, the combined total is 121,796 suspect transactions totaling $16,126,347.91, and that these patterns provide reason to believe the Slotkin Committees and their treasurer violated FECA, including 52 U.S.C. §§ 30122, 30104, and 30116.

B.   The Commission's Refusal to Process the Complaint

22. On December 31, 2025, the Commission, through its staff, sent Plaintiff an email stating that the Commission would not process and would not consider Plaintiff's administrative complaint.

23. The Commission's refusal prevented the administrative complaint from being docketed as a Matter Under Review ("MUR"), prevented service on the respondents, and prevented any Commission vote to find reason to believe, dismiss, or otherwise resolve the complaint on the merits as required by FECA.

24. Plaintiff is aggrieved by the Commission's refusal to process and act on the administrative complaint and brings this action within sixty (60) days of the Commission's December 31, 2025 refusal.

VII.   CLAIM FOR RELIEF

(Commission Dismissal and/or Failure to Act Contrary to Law – 52 U.S.C. § 30109(a)(8))

25. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

26. The Commission's December 31, 2025 refusal to process and consider Plaintiff's administrative complaint constitutes an order dismissing the complaint and/or a failure of the Commission to act within the meaning of 52 U.S.C. § 30109(a)(8)(A).

27. The Commission's refusal is contrary to law within the meaning of 52 U.S.C. § 30109(a)(8)(C) because the Commission must accept and process properly filed complaints under 52 U.S.C. § 30109(a)(1) and its implementing regulations, and must take action to resolve them through the procedures set forth in FECA.

28. Plaintiff is aggrieved by the Commission's contrary-to-law dismissal and/or failure to act and is entitled to declaratory and injunctive relief under 52 U.S.C. § 30109(a)(8).

VIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that the Federal Election Commission's December 31, 2025 refusal to process and act on Plaintiff's administrative complaint is "contrary to law" under 52 U.S.C. § 30109(a)(8)(C);

B. Order the Commission to conform with such declaration within thirty (30) days by docketing the administrative complaint, serving the respondents pursuant to 52 U.S.C. § 30109(a)(1) and 11 C.F.R. § 111.6, and taking action required by FECA, including making a determination under 52 U.S.C. § 30109(a)(2);

C. Retain jurisdiction over this matter to ensure compliance with the Court's order;

D. Award Plaintiff his costs of litigation and, to the extent permissible under 52 U.S.C. § 30109(a)(8)(B), reasonable litigation expenses; and

E. Grant such other and further relief as the Court deems just and proper.

VERIFICATION

I, Peter Bernegger, am the Plaintiff in this action. I have read the foregoing Complaint and know its contents. The factual allegations in this Complaint are true and correct to the best of my knowledge, information, and belief, and are based upon my personal knowledge, documents in my possession, and publicly available records. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Pursuant to 28 U.S.C. § 1746.

Executed on: 1-20-26

_____
Peter Bernegger

Respectfully submitted,

_____
Peter Bernegger - Plaintiff
1806 Brynnwood Trace
New London, WI 54961
Telephone: (920) 551-0510
Email: peter@electionwatch.info

Dated: 1-20-26